# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONGWEI ZHANG,<br><br>            vs.                                Plaintiff,<br><br>UNITED TECHNOLOGIES<br>CORPORATION, et al.,<br><br>                                      Defendants. | CASE NO. 10cv0660 DMS (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: RULE 35 MENTAL EXAMINATION<br><br>[DOC. NO. 51] |

Background

On March 26, 2010, this case was removed to this Court by the Defendants. (Doc. No. 1). Plaintiff was employed in various capacities and locations by Defendants from 1997 until early 2008. Her last assignment was with Defendant Hamilton Sunstrand Power Systems, Inc., in San Diego, from 2006 until early 2008 when her employment was terminated. Plaintiff filed her complaint in the California Superior Court alleging wrongful termination, breach of contract, breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress. The instant motion stems from the desire of the Defendants to have Plaintiff submit to a mental examination pursuant to Fed.R.Civ.P. 35.

Discussion

Rule 35(a) provides, in relevant part:

> When the mental or physical condition …of a party… is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner …. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Under FRCP 35, a party is entitled to conduct a mental examination of another party if the movant demonstrates that: (1) the plaintiff has placed her mental condition in controversy; and (2) good cause exists for the examination. *See, e.g., Schlagenhauf v. Holder*, 379 U.S. 104, 116-117 (1964); *Turner v. Imperial Stores, et al.*, 161 F.R.D. 89, 92 (S.D.Cal. 1995). Although there is a constitutional right to privacy, that right is "conditional rather than absolute" and "is waived when a plaintiff raise[s] before the court issues concerning her mental and emotional condition and seeks damages for mental and emotional injuries." *Enwere v. Terman Assoc., LP, et al.*, 2008 U.S. Dist. LEXIS 101901 at*5 (N.D.Cal. 2008)(citing *Caesar v. Mountanos*, 542 F.2d 1064, 1066-70 (9th Cir. 1976). Rule 35 is to be "construed liberally to allow the examination." *Tan v. City and County of San Francisco, et al.*, 2009 U.S. Dist. LEXIS 21639 at *5 (N.D. Call 2009).

The initial inquiry in this case is whether Plaintiff has placed her mental condition sufficiently in controversy. A plaintiff puts her mental state in controversy if one or more of the following aggravating factors are present: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; or (5) plaintiff concedes that her mental condition is "in controversy" within the meaning of Rule 35(a). *Turner*, 161 F.R.D. at 98; *Houghton v. M & F Fishing, Inc*, 198 F.R.D. 666, 668 (S.D. Cal. 2001). Although mental state may not be "in controversy" where only "garden variety" emotional distress damages are claimed, presence of one of these factors is sufficient to place mental state in controversy. *Houghton*, 198 F.R.D. at 668.

There can be little question that the Plaintiff has placed her mental condition in controversy. She specifically alleged a cause of action for intentional infliction of emotional distress, has alleged that the emotional distress has been severe and continuing and has sought significant consequential monetary damages. (Doc. No. 1, § 120). The first part of the test has

been satisfied.

The second and final inquiry is whether there is good cause to order the examination. A factor used by the courts to assess "good cause" in this context is whether a party has alleged some type of ongoing mental injury. *See, e.g.*, *Enwere*, 2008 U.S. Dist. LEXIS 101901 at *8 (citing *Bridges v. Eastman Kodak Co.*, 850 F.Supp. 216, 221-22 (S.D.N.Y. 1994); *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y. 1993)(ordering mental examination where Plaintiff demonstrated ongoing mental injury by alleging that her mental health injuries require "continuing medical treatment"); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D.Cal. 1995). If a Plaintiff alleges ongoing mental injury or the likelihood of future mental distress, there is typically good cause for a mental examination. See, e.g., *Gabriel*, 2007 U.S.Dist.LEXIS 89298 at * 5 (ordering an examination when plaintiff alleged anticipated future emotional distress); *Ayat*, 2007 U.S.Dist.LEXIS 31285 at *11 (ordering mental examination when plaintiff stated that he "suffered and continues to suffer from depression…").

Here, Plaintiff has alleged that Defendants caused her continuing emotional distress and is seeking significant consequential damages. (Doc. No. 1 § 120). This Court believes that there is good cause for the examination sought by Defendants.

Conclusion

It is ORDERED that Plaintiff must appear on October 10, 2011, at 9:00 a.m., at 16530 Ventura Blvd., Suite 200, in Encino, California, unless otherwise mutually agreed to by the parties, and submit to a mental examination by Dr. David Glaser. The examination shall be completed no later than 5:00 p.m. and must include standard lunch and rest breaks. Dr. Glaser's mental evaluation will consist of a clinical interview to assist in the interpretation of the test results and the administration of psychological tests that are carefully selected to evaluate the nature and scope of the emotional damages being claimed by Plaintiff. The testing may include evaluations of mood and personality, cognitive complaints such as difficulty concentrating and forgetfulness, and measures of response style. Dr. Glaser will employ widely accepted written tests such as the

1  Minnesota Multiphasic Personality Inventory-2 (MMPI-2); the Millon Clinical Multiaxial
2  Inventory-III (MCMIIII) test; the Beck Depression Inventory (BDI); Beck Anxiety Inventory
3  (BAI); Western Psychological Services (WPS); and the Symptoms Validity Test (TOMM).  The
4  examination is limited to a clinical mental interview and psychological testing.  There will be no
5  invasive or physical examination. Dr. Glaser may ask and Plaintiff shall answer questions
6  regarding the events that are the subject of this action only to the extent necessary for Dr. Glaser
7  properly to evaluate Plaintiff's mental condition.  No persons other than Plaintiff, Dr. Glaser and
8  necessary staff to assist Dr. Glaser may attend.  The examination may be recorded.  To the extent
9  that forms or questionnaires are required to be completed, they shall be completed by Plaintiff
10 without assistance.
11         **IT IS SO ORDERED.**
12 DATED:  September 2, 2011

14                                    Hon. Mitchell D. Dembin
                                      U.S. Magistrate Judge