# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONGWEI ZHANG, | CASE NO. 10cv0660 DMS (MDD) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| vs. | |
| UNITED TECHNOLOGIES CORPORATION, et al., | [DOC. NO. 55] |
| Defendants. | |

Background

On March 26, 2010, this case was removed to this Court by the defendants. Plaintiff filed her complaint in the California Superior Court alleging wrongful termination, breach of contract, breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress by the Defendants. (*See* Doc. No. 1). The instant motion was accepted for filing by this Court on August 31, 2011. (Doc. No. 55). Defendants' responsive pleading, mislabeled as a joint motion for determination of discovery dispute, was filed the same day. (Doc. No. 53).

Discussion

Plaintiff seeks an order compelling Defendants to produce certain documents stemming from requests for production propounded in August 2010, and which were the subject of multiple meet and confers, supplemental productions and joint motions. (*See* Doc. No. 53, Exh. 2). Plaintiff also appears to be seeking to compel Defendants to produce documents that it obtained

1  from a third party but it is not clear whether that request relates back to the August 2010 dispute.
2  Plaintiff also seeks to have Defendant intercede in connection with a third party subpoena issued
3  by the Plaintiff to a communication service provider.  Plaintiff also complains that Defendants
4  have not responded to new production requests.

       1.      <u>August 2010 Requests for Production</u>

As best the court can discern from the moving and responsive papers, in August 2010, Plaintiff propounded to the Defendants a number of requests for production of documents. Defendants responded in October 2010.  Following a number of meet and confer sessions, on December 3, 2010, Defendants produced additional documents and served Supplemental Objections and Responses.  As the parties were laboring under chambers rules that required discovery disputes to be brought before the Court no later than sixty (60) days following the date that the dispute arose, on December 2, 2010, the parties jointly moved the Court to extend the deadline to file motions to compel. (Doc. No. 18).  The motion was denied by a newly assigned Magistrate Judge who advised the parties that going forward, discovery disputes would be required to be brought to the Court no later than thirty (30) days after the dispute arose.  (Doc. No. 19).  On December 23, 2010, the parties again moved to continue the deadline for bringing discovery disputes before the Court, among other things. (Doc. No. 20).  That motion also was denied. (Doc. No. 21).

To the extent that the disputes at issue are the same disputes that arose either in August or December 2010, the time within which to bring the matter before the Court has expired.  Plaintiff was represented by counsel at the time and good cause to relieve Plaintiff of the deadlines was not presented.  Nor is good cause shown now.  Plaintiff seeks relief on the grounds that litigation was stayed on February 17, 2011, for 120 days to allow for Plaintiff to address a medical condition. (Doc. No. 25). By the time that the motion for stay was filed, February 16, 2011, however, the time within which the discovery dispute should have been brought to Court had already expired by at least one month.  (Doc. No. 24).

Accordingly, to the extent that the instant motion seeks to compel production of documents

relating to the August 2010 request for production, it is DENIED.

### 2. Edward Jones Documents

Plaintiff has requested that the Defendants be compelled to produce documents obtained from Edward Jones, apparently a former employer of Plaintiff. Defendants have asserted that the Federal Rules of Civil Procedure do not require a party to produce documents obtained by subpoena from a third party. Defendants assert no authority in support of this position. To the contrary, Fed.R.Civ.P. 34(a)(1) requires a party to produce documents within the scope of Rule 26(b) and which are within the responding party's possession, custody or control . Rule 26(b)(1) allows for discovery of non-privileged matter relevant to a party's claims or defenses. Neither rule excludes material obtained from third parties.

Plaintiff has not shown that this request was separate from her August 2010 production requests. As such, this request is also untimely and is DENIED. Plaintiff retains the option to obtain this information directly from the third party through subpoena.

### 3. Subpoena to AT&T

As best the Court can discern from the record, Plaintiff issued a subpoena to AT&T for certain telephone records pertaining to the Defendants. AT&T apparently responded that it had no responsive records. Plaintiff seeks an order compelling Defendants to contact AT&T and cause AT&T to produce responsive records that Plaintiff believes that are in the possession of AT&T. This motion is DENIED; there is no basis for the Court to enter such an Order. Plaintiff can obtain from Defendants the correct subscriber identity that it used during the relevant time frame and re-subpoena the records.

### 4. New Production Requests

Plaintiff also appears to be requesting an order compelling Defendants to respond to new document production requests for which the response date is not until September 15, 2011. The motion to compel is DENIED as premature. Moreover, if there is a dispute regarding this production, it must be brought before the Court in accordance with this Court's Chambers Rules.

///

Conclusion

Accordingly, Plaintiff's Motion to Compel is DENIED.

IT IS SO ORDERED:

DATED: September 6, 2011

*Mitchell D. Dembin* (signature)
Hon. Mitchell D. Dembin
U.S. Magistrate Judge